You have requested a legal opinion from the attorney general regarding an ordinance adopted by the city council of the city of Gretna that requires the city to enforce properly recorded neighborhood subdivision restrictions, which are private covenants among property owners within a particular subdivision. It is our opinion that such an ordinance violates the Louisiana state constitution, and we urge you very strongly not to attempt to enforce these private covenants, as under our state constitution you and other city personnel responsible for enforcement can become personally liable to repay to the city the costs of such enforcement, if you do attempt to enforce them. It also appears that this ordinance creates a scheme which violates the due process clauses of the federal and state constitutions.
One provision of the state constitution applicable here is La.Const. art. 7, § 14(A), which reads as follows:
 Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Except as otherwise provided in this Section, neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
The meaning and significance of this provision is not limited by its literal words. Its meaning and significance is that public resources cannot be used for a private purpose by private persons. Subdivision restrictions are private covenants among the private property owners within a particular subdivision; they are private agreements among private persons or are real rights and charges which attach to privately owned land and affect only those private persons who privately contract a purchase of such land. They *Page 2 
are intended to be enforced in civil proceedings brought by private persons who own private property in the subdivision (including private neighborhood associations of such private persons) against other private persons who own property in the subdivision. These restrictions bind an individual as a result of only private consensual agreement, either directly or through purchases of immovable property, and are enforceable only among private persons inter sese. When an alleged violation of a subdivision restriction occurs, it is the right only of the original developer, if he has retained such right in the building restrictions themselves, other property owners in the particular subdivision, or a homeowners' association of property owners in the particular subdivision to enforce the subdivision restrictions against the violation by suing, in civil proceedings in civil court, the owner who is in violation. No one else has that right, for such a manner of enforcement is what the restriction covenant or contract explicitly or implicitly provides. Thus, the contemplation is that enforcement will involve the expenditure of private funds by private property owners or a private association of private property owners to hire an attorney and bring the lawsuit. See, for example, Civ. Code arts. 775-783; Tri-State Sand Gravel, L.L.C.v. Cox, 38,217 (La.App. 2 Cir. 4/7/04), 871 So.2d 1253, quoting fromBrier Lake, Inc. v. Jones, 1997-2413 (La. 4/14/98), 710 So.2d 1054;Diefenthal v. Longue Vue Foundation, 2002-1470 (La.App. 4 Cir. 1/7/04),865 So.2d 863, writ den. 2004-0366 (La. 4/2/04), 869 So.2d 883. This ordinance purports to expend public funds for enforcement in lieu of these private funds by declaring that the city will enforce these private subdivision restrictions for the private property owners and private associations of private property owners.
In Attorney General Opinion 02-0072 [copy enclosed], we concluded that, pursuant to La.Const. art. 7, § 14, public funds could not be used to improve private property. Nor can public resources be used to maintain private property. See, for example, Attorney General Opinion 00-0278 [copy enclosed]. And the whole purpose of enforcing private subdivision restrictions is to maintain and improve the ultimate value of the several private properties contained in a particular subdivision by not allowing one owner to use his property in such a way that violates the restrictions and thereby deteriorates the value of the other private properties therein. This ordinance purports to maintain and improve the value of those private properties by expending city resources to enforce strictly private restrictions on behalf of these other private property owners or a private association of these private property owners. Under La.Const. art. 7, § 14, the city cannot do so.
As you explained in your letter requesting this opinion, the enforcement of private neighborhood subdivision restrictions is unprecedented in Gretna and other municipalities in Louisiana. Private restrictions and covenants have traditionally been a civil matter, enforced by private neighborhood associations against the private property owner in violation. Subdivision restrictions vary from one neighborhood to another, must be applied specifically as agreed in each set of subdivision restrictions, and cannot be evenly and consistently applied citywide.
You further explain that private restrictive covenants often contain language that goes beyond the widely accepted standards for development contained in typical zoning *Page 3 
districts. Most issues relative to minimum size of lot, setbacks, mandated residential use, and prohibition of business use are already addressed by current zoning standards and the current zoning plan, not by enforcement of restrictions that are privately created by private contract and that affect only individual private neighborhoods in one area of the city.
You report that while you are presently investigating how many neighborhoods altogether have current covenants, the only known properly recorded neighborhood subdivision restriction covenant filed with the city of Gretna is one for Garden Park Estates by its property owners' association. And you use this one covenant as an example of the problems incurred by the city as a public entity if it attempted enforcement of these privately contracted for restrictions.
You point out, for example, that in this one particular subdivision there is a restriction that provides, "Passenger vehicles must be parked within the property limits on a driveway." You explain that this ordinance would require the city police to issue a criminal misdemeanor citation (summons) for any passenger vehicle parked on a street in this subdivision but no other streets in the city outside of this subdivision. Indeed, such restrictions and their private enforcement provisions are privately contracted for by the property owners in the subdivision either by direct contract or by the contract by which they purchase their property, which is burdened with the restrictions, and there is a lack of consent by owners who, unknown to them at the time of their contract, suddenly now find that a violation of this private provision is now penal and is punishable by criminal penalty.
You also point out that another restriction which requires all construction plans must be submitted to and approved by an "Architectural Review Committee." These restrictions do not state the makeup of the committee or the appointment procedure by the association. You expressed concern than an independent, private body could take action that would place the city in a position of liability, when the city has neither appointive powers nor any due process procedures over that committee. Your concern is well-taken. Even worse, a private committee cannot be validly seen to exercise spurious authority to define any activity that might ultimately impose criminal penalties on anyone, as though the strictly private committee could take action under the restrictions to interpret and apply them with the city attempting to enforce the committee's decrees by enforcing the restrictions. Under such a scheme, criminal penalties would be imposed by the arbitrary actions and decisions of strictly private entities. Such a scheme violates the due process clauses of Amendment 14 to the U.S. Constitution and La.Const. art. 1, § 2.
You also, therefore, see another problem, and that problem is that these covenants will not be codified, nor even be a part of, the city's present code of ordinances. They are not ordinances at all, but merely private contract provisions. Not being ordinances, the city and the general public must refer to these separate, strictly private documents located at various places different from the code of ordinances, to find out what is enforceable, as though they were duly adopted ordinances, which they are not. *Page 4 
You again mention that this covenant expressly and specifically provides that "enforcement shall be by proceedings at law." You say that it was stated that the city council's desire is that the city is to issue criminal misdemeanor citations that would be heard in Magistrate's Court within the city of Gretna. But you explain that, in the covenant document itself, there are no provisions calling for such citations to be issued. As we explained hereinabove, these covenants are essentially private contracts existing among private property owners in a subdivision and exist by the consent of these private property owners. There is a total lack of consent among these private property owners that these privately contracted-for provisions would carry criminal penalties.
They cannot suddenly be made penal by the passage of an ordinance that only references them without defining and fixing the exact activity being made penal. Such an ordinance violates the due process clauses of the federal and state constitutions, supra.
Such restrictions are generally not favored in law. Where there is doubt, the doubt is resolved in favor of the liberty of the individual property owner to do with his property what he desires. See, for example, La.Const. art. 1, § 4, and 4 La. Civil Law Treatise, "Predial Servitudes," § 200 (3rd ed.) (and the authorities cited therein). Moreover, even the restrictions themselves can be lost or modified by subsequent action. They may be lost by abandonment (Civ. Code art. 782), and their enforcement may be barred by prescription (Civ. Code art. 781). In The Country Club of Louisiana Property Owners Association, Inc. v.Dornier, 96-0898 (La.App. 1 Cir. 2/14/97), 691 So.2d 142, the First Circuit Court of Appeals held that such restrictions were to be interpreted by the courts, as in any private contract, on the basis of reasonableness and that the review committee's action in the case, taken pursuant to apparent authority contained in the restrictions, was unreasonable. [According to the detailed description of the committee's activity in the case, it could properly be classified as rather subjective and arbitrary]. For a public entity to try to enforce private restrictions which could suddenly become non-existent at law or nebulous could be a disaster for both good public order and the public fisc.
We trust that this opinion adequately answers your request, but if you have any further questions, please do not hesitate to ask them of us. With warmest regards, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ THOMAS S. HALLIGAN Assistant Attorney General
 JDC/TSH/sfj